Lashieka JACKSON, by her Next Friend, Delores FORREST, On behalf of herself and all other Individuals Similarly Situated, Plaintiffs,

and

Lanee Morgan, Togola Gibson, and Tamu Gibson, by their Next Friend, Mary Pittman, On behalf of themselves and all other Individuals Similarly Situated, Plaintiffs-Intervenors,

v.

Barbara BLUM, Individually and as Commissioner of the New York State Department of Social Services; Peter Mullany, Individually and as Counsel of the New York State Department of Social Services; W. Burton Richardson, in his Official Capacity as Director of the Monroe County Department of Social Services; David Morse, Individually, and in his Official Capacity as Legal Assistant to the Monroe County Department of Social Services, Defendants,

and

Richard Staszak, in his Official Capacity as Director of the Schenectady County Department of Social Services, Defendant-Intervenor.

No. 80–CV–927.

United States District Court, N.D. New York.

April 5, 1983.

---

to whether plaintiff Lashieka Jackson was entitled to injunctive relief on her due process claim, it appearing that there might be a mootness problem. The Court directed the parties to inform the Court by letter as to plaintiff's status as a welfare recipient. The response of Bryan Hetherington, Litigation Director of the Monroe County Legal Assistance Corp., and James A. Robinson, Social Services Counsel to the Monroe County Department of Social Services were sent to the Court within the time directive set forth in the Court's order. Unfortunately, due to an internal Court error, these responses have only recently come to the undersigned's attention. Accordingly, the Court now makes its conclusions of law as to plaintiff Jackson's claims. The findings of facts set forth in this Court's order of December 4, 1981, are herein incorporated.

## CONCLUSIONS OF LAW

*Due Process*

1. Plaintiff has demonstrated irreparable harm and a probable likelihood of success on the merits of her due process claim.

It is therefore, ORDERED, ADJUDGED AND DECREED, that:

1. Defendants, their successors in office and their agents, be enjoined from reducing and/or terminating plaintiff's public assistance grant unless plaintiff is first given adequate notice of the potential action to be taken.

IT IS SO ORDERED.

Monroe County Legal Assistance Corp., County of Monroe Legal Services, Rochester, N.Y., Onondaga Neighborhood Community Legal Services, Syracuse, N.Y., Legal Aid Society of Schenectady, Inc., Schenectady, N.Y., for plaintiffs; Bryan D. Hetherington, John P. Costello, Carolyn Curry, James A. Robinson, Rochester, N.Y., Michael P. Daly, Syracuse, N.Y., Susan C. Antos, Schenectady, N.Y., of counsel.

Robert Abrams, Atty. Gen., for the State of N.Y., Syracuse, N.Y., for defendants; Charles F. Corcoran, Jr., Asst. Atty. Gen., Syracuse, N.Y., of counsel.

McCURN, District Judge.

## ORDER

This matter was before the Court on plaintiffs' motions for class certification and preliminary injunction. In an order dated December 4, 1981, this Court granted plaintiffs a preliminary injunction based on their "pro-ration" claim and certified a class to maintain that cause of action. The Court further denied certification of the due process claim, and reserved decision as